**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ALONZO HOYE**                                                                      **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 5:13cv184-DCB-MTP**

**TIMOTHY OUTLAW**                                            **RESPONDENT**

**REPORT AND RECOMMENDATIONS**

BEFORE THE COURT is the *pro se* and *in forma pauperis* Petition of Alonzo Hoye for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254. Respondent Timothy Outlaw filed his Response [18] on December 4, 2013. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

**BACKGROUND**

Petitioner Alonzo Hoye is a post-conviction inmate currently incarcerated at the Mississippi State Penitentiary. Petitioner pled guilty to one count of burglary in Adams County Circuit Court on May 11, 2009. He was sentenced the same day to a seven-year term of imprisonment as a habitual offender.[1] By statute, there is no direct appeal of a guilty plea in Mississippi,[2] meaning that Petitioner's conviction was final as of May 11, 2009.

On February 22, 2012, Petitioner filed an "Amended Motion for Post-Conviction Collateral Relief" in the Adams County Circuit Court, in which he challenged his guilty plea and sentence.[3]

---

[1]*See* Guilty Plea and Sentencing Order [18-1].

[2]*See* Miss. Code § 99-35-101 ("Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.").

[3]*See* Amended Motion for Post-Conviction Collateral Relief [18-2].

1

On August 16, 2012, the circuit court denied Petitioner's motion by written opinion.[4] On December 7, 2012, Petitioner submitted a "Motion for Permission to Proceed Out of Time," in Adams County Circuit Court, in which he sought permission to file an out-of-time appeal of the court's August 16, 2012, order.[5] On January 2, 2013, the circuit court construed the motion as requesting leave to file a post-conviction motion out of time, and denied it as time-barred pursuant to Miss. Code § 99-39-5(2).[6]

On December 12, 2012, several weeks before the circuit court ruled on Petitioner's motion to appeal out-of-time, Petitioner nonetheless filed a notice of appeal.[7] On December 19, 2012, the Mississippi Supreme Court issued an order to show cause, directing Petitioner to explain within fourteen days why his appeal should not be dismissed as untimely.[8] The Mississippi Supreme Court

---

[4] *See* Order Denying Post-Conviction Relief [18-4]. In the opinion, the circuit court states that Petitioner also filed a post-conviction motion on April 2, 2007. *Id.* According to Respondent, despite the title of the pleading and the reference of the circuit court, there is no record of Petitioner filing a previous motion for post-conviction relief. In support, Respondent submits the Adams County Circuit Court docket for the Petitioner's post-conviction cause number, which shows his February 22, 2012, submission as his first motion for post-conviction relief challenging his 2009 conviction. *See* General Docket, Criminal Case, Circuit Court, Adams County [18-3]. In addition, Respondent notes that Petitioner did not commit the crime underlying his current conviction until August 1, 2008, meaning that he could not have filed a motion challenging the conviction as of April 2, 2007. Therefore, the undersigned will consider the motion submitted by Petitioner in Adams County Circuit Court on February 22, 2012, for purposes of evaluating his petition.

[5] *See* Motion for Permission to Proceed Out of Time [18-5].

[6] "A motion for relief under this article shall be made . . . in the case of a guilty plea, within three (3) years after entry of the judgment conviction." Miss. Code § 99-39-5(2).

[7] *See* Notice of Appeal [18-7].

[8] *See* Show Cause Notice [18-8].

2

issued an order on February 12, 2012, to allow Petitioner to proceed out-of-time,[9] but the court soon thereafter withdrew the order as improvidently granted.[10]

On March 5, 2013, Petitioner's motion to proceed *in forma pauperis* on appeal was denied by the Adams County Circuit Court.[11] On April 24, 2013, Petitioner was notified that he must pay the costs of appeal or face dismissal.[12] Finally, on June 13, 2013, the Mississippi Court of Appeals issued a mandate dismissing Petitioner's appeal.[13]

Petitioner filed the instant petition on August 16, 2013.[14] In his response, Respondent contends that the petition was not timely filed and that it should be dismissed pursuant to 28 U.S.C. § 2244 (d)(1).

## **ANALYSIS**

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year period of limitations applies to an application for a writ of habeas corpus, to run from the latest of: (A) the date on which the judgment became final; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or United States law is removed; (C) the date on which the constitutional right asserted was initially

---

[9]*See* Order [18-9].

[10]*See* Order [18-10].

[11]*See* Order [18-11].

[12]*See* Notice [18-12].

[13]*See* Mississippi Court of Appeals Mandate [18-14].

[14]*See* Petition [1] at 16. The mailbox rule applies to the date of filing prisoner petitions. Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

recognized by the Supreme Court and made applicable retroactively; or (D) the date on which the factual predicate of the claims presented could have been discovered through the exercise of "due diligence." 28 U.S.C. § 2244 (d)(1).

The time for filing a federal habeas petition can be extended by the application of either statutory or equitable tolling. Whether statutory tolling occurred during the period between the judgment becoming final on June 14, 2000, and Petitioner's filing of the federal petition for habeas corpus on February 3, 2015, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

The period of limitations set forth in Section 2244(d) bars federal habeas review unless the prisoner can demonstrate that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Calderon v. Thompson*, 523 U.S. 538, 558 (1998) (noting that this exception survived the passage of the Section 2244(d)). The "fundamental miscarriage of justice" exception is applicable only to the severely

confined category of actual-innocence, where prisoners must demonstrate that new evidence "shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkin*, 133 S. Ct. 1924, 1927 (2013) (citing *Schlup v. Delo*, 513 U.S. 2298, 329 (1995)).

In this case, Petitioner has failed to file his habeas petition within the time period allotted in Section 2244(d)(1). As stated above, Petitioner's burglary conviction became final on May 11, 2009. Accordingly, the deadline for filing a timely petition would have been May 11, 2010. Giving the Petitioner the full benefit of the mailbox rule, the instant petition was filed on August 16, 2013–over three years beyond the deadline. Even if Petitioner were entitled to statutory tolling for the span of time his claims were considered in state court, his petition is still outside the bounds of the one-year period.[15] Likewise, Petitioner is not entitled to equitable tolling, as he alleges no circumstances where he was "actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Ott,* 192 F.3d at 513.

Federal habeas review is thus barred in this case unless Petitioner can demonstrate that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Federal case law is abundantly clear that the miscarriage of justice exception is strictly limited to cases of actual innocence and does not reach questions of due process in any habeas claim. *Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not in itself sufficient to establish a miscarriage of justice

---

[15]Section 2244(d)(2) provides that the time during which a "properly filed" application awaits post-conviction or collateral review in State court is not counted toward the limitation period. Here, Petitioner's earliest motion for post-conviction relief was filed on February 22, 2012, nearly two years beyond the one-year limitations period provided by Section 2244(d).

that would allow a habeas court to the merits of a barred habeas claim."). Petitioner has filed no response to the Respondent's argument that the instant petition is untimely, and he presents no claims of actual innocence in his petition.

Accordingly, because the petition was not timely filed and does not fall under any exception to Section 2244(d), it is time barred and should be dismissed with prejudice.

## RECOMMENDATIONS

Based on the foregoing reasons, the undersigned recommends the Petition for a Writ of Habeas Corpus [1] be DENIED and Petitioner's claims be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 18th of April, 2016.

s/ Michael T. Parker
United States Magistrate Judge
