```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

ALONZO HOYE                                              PETITIONER

VS.                        CIVIL ACTION NO. 5:13-cv-184(DCB)(MTP)

TIMOTHY OUTLAW                                           RESPONDENT

### ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 20)**, to which no objections were filed by the Petitioner. Having carefully reviewed same, the Court finds as follows:

Before the Court is the pro se and in forma pauperis Petition of Alonzo Hoye ("Hoye") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Hoye is a post-conviction inmate currently incarcerated at the Mississippi State Penitentiary. He pled guilty to one count of burglary in Adams County Circuit Court on May 11, 2009, and was sentenced the same day to a seven-year term of imprisonment as an habitual offender. By statute, there is no direct appeal of a guilty plea in Mississippi, meaning that Hoye's conviction was final as of May 11, 2009. On February 22, 2012, Hoye filed an "Amended Motion for Post-Conviction Collateral Relief" in the Adams County Circuit Court, in which he challenged his guilty plea and sentence.

On August 16, 2012, the circuit court denied Hoye's motion by written opinion. On December 7, 2012, Hoye submitted a "Motion for

Permission to Proceed Out of Time" in Adams County Circuit Court, in which he sought permission to file an out-of-time appeal of that court's August 16, 2012, Order. On January 2, 2013, the circuit court construed the motion as requesting leave to file a post-conviction motion out of time, and denied it as time-barred pursuant to Miss. Code § 99-39-5(2). On December 12, 2012, several weeks before the circuit court ruled on Hoye's motion to appeal out-of-time, Hoye nonetheless filed a notice of appeal. On December 19, 2012, the Mississippi Supreme Court issued an order to show cause, directing Hoye to explain within fourteen days why his appeal should not be dismissed as untimely. The Mississippi Supreme Court issued an order on February 12, 2012, to allow Hoye to proceed out-of-time, but the court soon thereafter withdrew the order as improvidently granted. On March 5, 2013, Hoye's motion to proceed in forma pauperis on appeal was denied by the Adams County Circuit Court. On April 24, 2013, Hoye was notified that he must pay the costs of appeal or face dismissal. Finally, on June 13, 2013, the Mississippi Court of Appeals issued a mandate dismissing Hoye's appeal.

 Hoye filed the instant petition on August 16, 2013. In his response, Respondent Timothy Outlaw contends that the petition was not timely filed and that it should be dismissed pursuant to 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year

period of limitations applies to an application for a writ of habeas corpus, to run from the latest of: (A) the date on which the judgment became final; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or United States law is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made applicable retroactively; or (D) the date on which the factual predicate of the claims presented could have been discovered through the exercise of "due diligence." 28 U.S.C. § 2244 (d)(1). The time for filing a federal habeas petition can be extended by the application of either statutory or equitable tolling. Whether statutory tolling occurred during the period between the judgment becoming final on June 14, 2000, and Hoye's filing of the federal petition for habeas corpus on February 3, 2015, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Petitioner bears

the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Ott v. Johnson</u>, 192 F.3d 510, 513 (5th Cir. 1999). The period of limitations set forth in Section 2244(d) bars federal habeas review unless the prisoner can demonstrate that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>see also</u> <u>Calderon v. Thompson</u>, 523 U.S. 538, 558 (1998)(noting that this exception survived the passage of the Section 2244(d)). The "fundamental miscarriage of justice" exception is applicable only to the severely confined category of actual-innocence, where prisoners must demonstrate that new evidence "shows 'it is more likely than not that no reasonable juror would have convicted [the Petitioner].'" <u>McQuiggin v. Perkin</u>, 133 S.Ct. 1924, 1927 (2013)(citing <u>Schlup v. Delo</u>, 513 U.S. 2298, 329 (1995)).

    Magistrate Judge Parker finds, in this case, that the Petitioner failed to file his habeas petition within the time period allotted in Section 2244(d)(1). As stated above, Petitioner's burglary conviction became final on May 11, 2009. Accordingly, the deadline for filing a timely petition would have

been May 11, 2010.  Giving the Petitioner the full benefit of the mailbox rule,[1] the instant petition was filed on August 16, 2013 – over three years beyond the deadline.  Even if the Petitioner were entitled to statutory tolling for the span of time his claims were considered in state court, his petition is still outside the bounds of the one-year period. Likewise, the Petitioner is not entitled to equitable tolling, as he alleges no circumstances where he was "actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights."  Ott, 192 F.3d at 513.

Federal habeas review is thus barred in this case unless Hoye can demonstrate that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.  Federal case law is abundantly clear that the miscarriage of justice exception is strictly limited to cases of actual innocence and does not reach questions of due process in any habeas claim.  Schlup, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim.").  The Petitioner has filed no response to the

---

[1] The mailbox rule applies to the date of filing prisoner petitions.  Under the mailbox rule, a pro se federal habeas petition is deemed filed on the date the prisoner delivered the petition to prison officials for mailing to the district court. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999).

Respondent's argument that the instant petition is untimely, and he presents no claims of actual innocence in his petition.

Because the petition was not timely filed and does not fall under any exception to Section 2244(d), it is time barred and Magistrate Judge Parker finds that the petition should be dismissed with prejudice.  The Court adopts the Report and Recommendation and shall dismiss the Petition for Writ of Habeas Corpus with prejudice.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 20)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the Petition is dismissed with prejudice.

A Final Judgment dismissing the Petition with prejudice will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 20th day of September, 2016.


                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE